**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gilbert G. WALKS, Jr., Defendant–Appellant.**

**No. 12–30172.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.[*]

Filed March 22, 2013.

Mark Steger Smith, Esquire, Assistant U.S., Leif Johnson, Assistant U.S., Office of the U.S. Attorney, Billings, MT, J. Bishop Grewell, Assistant U.S., Office of the U.S. Attorneys, Helena, MT, for Plaintiff–Appellee.

Steven C. Babcock, Assistant Federal Public Defender, Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

### MEMORANDUM [**]

Gilbert G. Walks, Jr., appeals from the district court's judgment and challenges the 24–month sentence imposed following his guilty-plea conviction for unlawfully trafficking in migratory birds, in violation

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of 16 U.S.C. §§ 703(a) and 707(b); and unlawfully trafficking in eagles, in violation of 16 U.S.C. § 668(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Walks contends that the district court procedurally erred by failing to explain adequately the reasons for imposing his sentence consecutive to a 180–month sentence imposed in an unrelated case. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court adequately discussed the 18 U.S.C. § 3553(a) sentencing factors and explained why it believed that a consecutive sentence was warranted. *See United States v. Fifield,* 432 F.3d 1056, 1064–66 (9th Cir.2005).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.